IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 23-cr-035-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **TYLER AARON HOLMES,**
2.    EDWARD MCCABE ROBINSON,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HOLMES'S MOTION TO COMPEL PRODUCTION OF DISCOVERY**

---

This matter comes before the Court on Holmes's Motion to Compel Production of Discovery ("Motion"). (ECF No. 106.) The Government filed a response in opposition. (ECF No. 112.) No reply was permitted. The parties are familiar with the background of the case and the related discussion at the Final Trial Preparation Conference conducted on July 15, 2024 (ECF No. 98) that led to the filing of the Motion. For the following reasons, the Motion is granted in part and denied in part.

## I.    LEGAL STANDARDS

There is "no general constitutional right to discovery" in criminal proceedings. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Here, Holmes requests discovery under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972).[1]

---

[1] Under *Giglio*, exculpatory evidence includes evidence affecting witness credibility if the witness's reliability will likely determine guilt or innocence.

A.     *Brady v. Maryland*

"The Constitution, as interpreted in *Brady*, does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant." *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 823 (10th Cir. 1995). *Brady* requires disclosure only of evidence that is both favorable to the accused, and "material either to guilt or to punishment." *Brady*, 373 U.S. at 87. "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also United States v. Allen*, 603 F.3d 1202, 1215 (10th Cir. 2010). A "reasonable probability," in turn, is a "probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682 (internal quotation marks omitted).

The Tenth Circuit also has stated that evidence is material if it "might meaningfully alter a defendant's choices before and during trial . . . [including] whether the defendant should testify." *Case v. Hatch*, 731 F.3d 1015 (10th Cir. 2013) (quoting *United States v. Burke*, 571 F.3d 1048, 1054 (10th Cir. 2009) (alterations in original; internal quotation marks omitted)). The Tenth Circuit has noted that "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *United States v. Fleming*, 19 F.3d 1325, 1331 (10th Cir. 1994).

"To be material under *Brady*, undisclosed information or evidence acquired through that information must be admissible." *Banks v. Reynolds*, 54 F.3d 1508, 1521 n.34 (10th Cir. 1995) (citation omitted). In *Cone v. Bell*, the Supreme Court noted:

> Although the Due Process Clause of the Fourteenth
> Amendment, as interpreted by *Brady*, only mandates the

2

> disclosure of material evidence, the obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations. *See* [*Kyles v. Whitley*, 514 U.S. [419, 437 (1995)] ("[T]he rule in [*Bagley*] (and, hence, in *Brady*) requires less of the prosecution than the ABA Standards for Criminal Justice Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993)"). *See also* ABA Model Rules of Professional Conduct 3.8(d) (2008) ("The prosecutor in a criminal case shall" "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal"). As we have often observed, the prudent prosecutor will err on the side of transparency, resolving doubtful questions in favor of disclosure.

556 U.S. 449, 470 n.15 (2009). The Government bears the burden of producing exculpatory materials; a defendant has no obligation to first note that such materials exist. *See Kyles*, 514 U.S. at 437 (stating that the prosecution has an affirmative duty to disclose evidence, because "the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of 'reasonable probability' is reached"); *United States v. Padilla*, 2011 WL 1103876, at *6 (D.N.M. Mar. 14, 2011). This obligation means that the Government must "volunteer exculpatory evidence never requested, or requested only in a general way." *Kyles*, 514 U.S. at 433.

"It is well settled that there is no 'affirmative duty upon the government to take action to discover information which it does not possess.'" *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991) (quoting *United States v. Beaver*, 524 F.2d 963, 966 (5th

Cir. 1975), *cert. denied*, 425 U.S. 905 (1976)); *accord United States v. Kraemer*, 810 F.2d 173, 178 (8th Cir. 1987) (explaining that the prosecution is not required "to search out exculpatory evidence for the defendant").  On the other hand, "a prosecutor's office cannot get around *Brady* by keeping itself in ignorance, or by compartmentalizing information about different aspects of a case."  *Carey v. Duckworth*, 738 F.2d 875, 878 (7th Cir. 1984).  "A prosecutor must disclose information of which it has knowledge and access."  *Padilla*, 2011 WL 1103876, at *7 (citing *United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir. 1989)).  "A prosecutor may have a duty to search files maintained by other 'governmental agencies closely aligned with the prosecution' when there is 'some reasonable prospect or notice of finding exculpatory evidence.'"  *Id.* (quoting *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992)).  "A prosecutor does not have a duty, however, to obtain evidence from third parties."  *Id.* (citing *United States v. Combs*, 267 F.3d 1167, 1173 (10th Cir. 2001) (observing that *Brady* does not oblige the government to obtain evidence from third parties)).

**B.    Rule 16**

Rule 16 provides that the court regulates discovery.  Fed. R. Crim. P. 16(d).  "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).  Further, Rule 16(a)(1)(E) provides:

> (E) Documents and Objects.  Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

>    (i) the item is material to preparing the defense;
>
>    (ii) the government intends to use the item it its case-in-chief at trial; or
>
>    (iii) the item was obtained from or belongs to the defendant.

"Rule 16 is 'broader than *Brady*' in that it mandates disclosure of any material information, whether exculpatory or not." *United States v. Smith*, 2017 WL 3172790, at *2 (D.N.M. May 16, 2017) (citation omitted). But "Rule 16 does not authorize a blanket request to see the prosecution's file," and a defendant may not use the rule to engage in a "fishing expedition." *United States v. Maranzino*, 860 F.2d 981, 985–86 (10th Cir. 1988) (citing *Jencks v. United States*, 353 U.S. 657, 667 (1957)).

The defendant bears the burden of making a *prima facie* showing of materiality. *See United States v. Garrison*, 2016 WL 8416755, at *3 (D. Colo. Sept. 22, 2016). Evidence is "material" under Rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, . . . or assisting impeachment or rebuttal." *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (internal quotation marks omitted, alterations in original) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (internal quotation marks omitted)). The Eleventh Circuit has explained that under Rule 16(a)(1)(E)(i), an item

> need not be disclosed unless the defendant demonstrates that it is material to the preparation of his defense. A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense. Rather, the defendant must make a specific request for the item together with an explanation of how it will be "helpful to the defense." The defendant must "show" "more than that the item bears some abstract logical

>relationship to the issues in the case . . . .

*United States v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003) (internal citations, quotations, and some alterations omitted). "Although the materiality standard is not a heavy burden, the Government need disclose Rule 16 material only if it enables the defendant significantly to alter the quantum of proof in his favor." *Graham*, 83 F.3d at 1474 (alterations, citations, and internal quotation marks omitted).

## II. ANALYSIS

In light of his concerns that the Government is withholding *Brady* and *Giglio* information, Defendant requests that the Court order the Government to produce the following items: (1) any exculpatory and impeaching information contained in victim ZPB's Bureau of Prisons ("BOP") Central Inmate File and other Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") files; (2) any e-mails in the possession of the BOP drafted by Government witnesses that describe the incident, and e-mails between the FBI Special Agent and BOP staff; and (3) additional information about the resignation of Dashelle Guertin, including her letter of resignation and re-hire status. (ECF No. 106 at 1.)

**A.   ZPB's[2] Files**

Defendant states that the Government has tendered an FBI 302 interview with ZPB. (ECF No. 106 at 7.) Additionally, the Government has turned over the criminal history of ZPB. (*Id.* at 8.)

---

[2] ZPB is the victim in this case, and the parties (and therefore the Court) abbreviate his name in this Order for privacy concerns.

Still, Defendant requests ZPB's BOP central inmate file because it may contain "any information about prior statements he has made about this case or any impeaching information, such as a proclivity for dishonesty, motivation to lie to get a better housing designation, etc." (*Id.*)  Defendant asks that the Government determine if "other members of the prosecution team, such as the DOJ or FBI have any information that could be used to impeach ZPB or would otherwise be admissible under Fed. R. E. 608." (*Id.*)

In response, the Government states that it produced ZPB's central inmate file on July 16, 2024, with appropriate redactions and under a previously entered protective order, these documents are for attorney's eyes only.  (ECF No. 112 at 3.)  The Government further explains that "there are no statements about his conviction, nor statements evincing a 'proclivity for dishonesty, motivation to lie.'" (*Id.*)  Additionally, the Government states that it has provided all the information to which it has access concerning ZPB's criminal history on the reservation.  (*Id.*)

With respect to each of the aforementioned requests regarding ZPB's files, the Court concludes that the Government has complied with its discovery obligations and denies those portions of the Motion as moot.  Thus, the Court turns to the final part of this portion of the Motion pertaining specifically to ZPB.

Defendant requests that the Government review ZPB's file "for any information about prior statements he has made about this case or any impeaching information, such as a proclivity for dishonesty, motivation to lie to get a better housing designation, etc." (ECF No. 106 at 8.)  He argues that "[t]he government has a further obligation to

7

determine if other members of the prosecution team, such as the DOJ or FBI have any information that could be used to impeach ZPB or would otherwise be admissible under Fed. R. E. 608." (*Id.*)  Of particular interest to Defendant is the idea that ZPB lied to law enforcement agents when questioned about the death of his child.

With respect to Defendant's request for files pertaining to the investigation of ZPB's 2015 felony murder case, the Government objects on the grounds that there is no legal basis for the Court to order the Government to make such requests to other agencies and prosecutors—such as the investigating agencies, the Bureau of Indian Affairs and the FBI, and the files of the United States Attorney's Office in South Dakota—for their files.  (ECF No. 112 at 3–4.)  The Government highlights authority explaining that "*Brady* clearly does not impose an affirmative duty on the government to take action to discover information which it does not possess."  (*Id.* at 4 (quoting *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007)).)

Additionally, the Government points out that Federal Rule of Evidence 608 allows a party to attack a witness's credibility through reputation or opinion evidence, though Rule 608(b) provides that

> [e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or
>
> (2) another witness whose character the witness being cross-examined has testified about.

It appears to the Government that Defendant seeks the "interviews the victim gave to law enforcement about the death of his child to point out specifics of his alleged denials to show that he is a liar."  (ECF No. 112 at 4.)  While the Government concedes that the Rule grants the Court discretion to allow such questioning, it argues that because ZPB has poor recollection of the alleged assault, "his character for truthfulness or untruthfulness is not at issue and therefore these specific instances should be very limited."  (*Id.* at 5.)

The Court has given careful consideration to both parties' arguments on this issue and rules as follows.  The Court grants this portion of the Motion in part and DIRECTS the Government to obtain ZPB's file regarding his 2015 murder conviction currently in the possession of the United States Attorney's Office of the District of South Dakota, and to turn this file and its contents over to defense counsel by no later than **12:00 p.m. noon on Friday, July 19, 2024**.  The Court ORDERS that these documents be produced to defense counsel for attorneys' eyes only, and shall the same shall be subject to the provisions of the discovery protective order previously entered in this case.

To be absolutely clear, the Court narrowly grants this request not because the Court believes *Brady* applies here, but because even the Government has tacitly agreed that the file potentially contains *Giglio* evidence which could be used to impeach ZPB at trial.  The Court considers its ruling on this issue to be of the narrowest, most case-specific kind, and holds that it does not constitute precedent allowing defendants in other criminal cases to require the Government to turn over discovery material

outside its possession.

### B.     E-mails Between the FBI and BOP Staff

Defendant requests that the Government turn over communications between the FBI and BOP staff, speculating that potentially discoverable information is in their e-mails.  (ECF No. 106 at 8–9.)

The Government responds that this is a "fishing expedition, bar none."  (ECF No. 112 at 5.)  Nevertheless, the Government "has asked and been assured that there is no email traffic between BOP and the FBI where the content of those emails is discoverable under the law."  (*Id.*)

Having reviewed both briefs, the Court agrees that Defendant's arguments constitute nothing more than an entirely speculative fishing expedition, and denies this portion of the Motion.

### C.     Information Concerning Ms. Guertin

Defendant requests Ms. Guertin's letter of resignation and re-hire status with BOP.  (ECF No. 106 at 9.)

The Government states that it received the letter of resignation and will provide it in discovery to Defendant.  (ECF No. 112 at 6.)  Additionally, the Government states that it "has been told there is nothing in the file to note what Defendant calls 're-hire status.'"  (*Id.* at 7.)  Nevertheless, the Government has asked BOP to review Ms. Guertin's file for any reference to a rehire status notation, and if something is uncovered related to the demand, the Government states that it "will be provided forthwith, . . . without any concession that it is discoverable under any theory or usable in cross-

examination." (*Id.*)

The Court holds the Government to the aforementioned representations and denies this portion of the Motion as moot. Any document in this personnel file related to the rehire status (if any) of Ms. Guertin with the BOP shall be forthwith produced to defense counsel, in no event later than the commencement of trial.

### III. CONCLUSION

Accordingly, Holmes's Motion to Compel Production of Discovery (ECF No. 106) is GRANTED IN PART and DENIED IN PART as stated above.

Dated this 17th day of July, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge